## THE STATE ex rel. FLENTGE, Collector, v. SANFORD et al., Appellants.

### Division Two, March 23, 1904.

1. **APPEAL: No Exception.** When the appeal is by a certified copy of the judgment and order granting the appeal, and a printed abstract, and that abstract shows that a motion for a new trial was filed, but does not show that it was filed within four days after judgment, and does not show that an exception was saved to the overruling of the motion, or that a bill of exceptions was filed, there is nothing before the appellate court for review except the record proper.

2. ———: **Tax Suit: Record Proper.** The record proper in a suit for back taxes embraces the petition, answer, reply and judgment. And if no exceptions were saved to the overruling of the motion for a new trial, and the petition correctly describes the land, and otherwise states a cause of action, and the record is in other respects free from error, the judgment will be affirmed.

Appeal from Bollinger Circuit Court.—*Hon. Jas. D. Fox,* Judge.

AFFIRMED.

*Linus Sanford* for appellants.

*John A. Hope* for respondent.

It does not appear that appellants excepted to the overruling of their motion for a new trial, nor does it appear that any bill of exceptions was filed; hence, nothing but the record proper can be reviewed. Meier v. Hinkson, 146 Mo. 458. Furthermore, the mere fact that appellants' abstract does not affirmatively show that their motion for new trial was filed within four days

after the trial, precludes review of anything but the record proper, even if exceptions had been properly saved.   St. Louis v. Boyce, 130 Mo. 572.

BURGESS, J.—This suit was begun in the circuit court of Cape Girardeau county for back taxes against ten tracts of land lying in said county for the years 1895, 1896 and 1897.   On application of the defendants a change of venue was awarded to the circuit court of Bollinger county.

On the trial defendants admitted that Martha J. Sanford owned tracts numbered two, three, four and five, but disclaimed ownership of tracts numbered one, six and ten.   Defendants' assessment lists in which the ten tracts were described exactly as in the collector's certified taxbill were in evidence.   The statutory affidavit was appended to each list.   All of the ten tracts are accurately described except tract one which is designated as "71 acres part survey 329, Twps. 31 and 32."

"E. L. Hope, predecessor of E. W. Flentge as county collector, had sued and obtained judgment against defendants for taxes on lots 38 and 39 of the city of Jackson, and defendants plead this former suit in bar of the present proceeding; but these lots are not involved at all in this case, which is a proceeding by collector Flentge to recover back taxes on property entirely different from that in the former suit of collector Hope.

"The court found all the issues for the plaintiff and rendered judgment accordingly.   Defendants appealed, and bring the case to this court by filing merely a certified copy of the circuit court judgment and order granting appeal, in lieu of a complete transcript, and have filed an 'Abstract of the Record.'   Their abstract shows that a motion for a new trial was filed, but does not show that it was within four days after the judgment, nor does it show that defendants excepted to the overruling of this motion.   If any bill of exceptions was

filed their abstract does not show it.    Under the circumstances plaintiff insists that the court should review only the record proper."

As the record does not show that the motion for new trial was filed within four days after judgment, nor that defendant excepted at the time to the action of the court in overruling it, both of which were necessary in order to have this court review the action of the trial court in passing upon the motion (Meier v. Hinkson, 146 Mo. 458; Ross v. Railroad, 141 Mo. 390), there is nothing before us for review not presented by the record proper, and this embraces the petition, answer, reply and the judgment of the court.    The petition describes the seventy-one acre tract by metes and bounds, and unquestionably states a cause of action, and the record in other respects seems to be free from error.    In State ex rel. v. Burrough, 174 Mo. 700, all matters of exception were duly saved, including the action of the court in admitting in evidence, over the objection of defendant, the taxbill upon which the suit was predicated, and an exception also saved to its action in overruling defendant's motion for a new trial, but such steps were not taken in the case at bar.    We have no reason whatever for receding from the law as announced in that case, and if the records were alike would not hesitate to review this case.    The judgment is affirmed. *Gantt, P. J.*, concurs; *Fox, J.*, not sitting.