## THE STATE, Appellant, v. GOBER MORRIS.

### Division Two, December 4, 1917.

1. **GAMBLING DEVICE: Poker Table.** A poker table not being one of the devices enumerated in Sec. 4750, R. S. 1909, it is necessary that the indictment point out in what manner the table was adapted to playing games of chance.

2. ———: ———: **Used in Connection With Cards.** It is not the game, but the device, at which Section 4750 is aimed. The use of cards and poker chips in connection with the poker table, where they are not charged to be a part of the device, does not make the table a gambling device.

3. ———: ———: ———: **Indictment.** An indictment which simply charges that defendant set up and kept a certain table and gambling device, to-wit, a poker table, which was adapted and designed for the purpose of playing games of chance, and that cards and poker chips were used on said table for the purpose of playing games of chance, but does not charge that defendant kept and set up or furnished the cards or chips, or in what manner the table was adapted or designed for the purpose of playing games of chance, is defective.

4. ———: **Playing at Home.** Section 4750, Revised Statutes 1909, does not prohibit one from allowing gambling on his premises. Another section (Sec. 4753, R. S. 1909) covers that offense.

Appeal from Randolph Circuit Court.—*Hon. A. W.*
*Walker,* Judge.

AFFIRMED.

*Frank W. McAllister,* Attorney-General, and
*George V. Berry,* Assistant Attorney-General, for the
State.

(1) This indictment is good and should have been
so held by the trial court. It charges every essential
element of the crime it denounces in plain, clear and
careful language. It informs the defendant of the
crime with which he is charged and meets every re-
quirement of a correct indictment under the statute.
Sec. 4750, R. S. 1909; Kelley's Crim. Law and Prac.,
sec. 950; 20 Cyc. 906; State v. Holden, 203 Mo. 584; State
v. Locket, 188 Mo. 422; State v. Mathis, 206 Mo. 610;
State v. Solon, 247 Mo. 675; State v. Davis, 203 Mo.
617; State v. McKee, 212 Mo. 145; State v. Lee, 228
Mo. 492; State v. Rosenblatt, 185 Mo. 120; State v.
Leaver, 171 Mo. App. 373; Portis v. State, 27 Ark. 360;
Euper v. State, 35 Ark. 629; Riley v. State, 120 Ark.
450; Mimms v. State, 88 Ga. 458; Kolshorn v. State,
97 Ga. 343; Huff v. Comm., 14 Gratt 648; Comm. v.
Schatzman, 118 Ky. 628; Toney v. State, 61 Ala. 1;
Wren v. State, 70 Ala. 1; State v. Turner, 87 Kan. 451.
The indictment is sufficiently definite as to time and
place. Time was not of the essence of the offense and
did not need to be stated more definitely. Any time
within three years prior to the date of the finding of
the indictment was sufficient. The indictment charges
the offense to have been committed in Randolph County,
and is sufficiently definite as to place. Sec. 5115, R. S.
1909; State v. Moore, 203 Mo. 626; State v. Ward, 74
Mo. 255; State v. Magrath, 19 Mo. 680; State v. Wade,
267 Mo. 266; State v. Fields, 262 Mo. 163; State v. Lee,
228 Mo. 494; State v. Wister, 62 Mo. 593; State v. Wil-
coxen, 38 Mo. 372.

*Whitecotton & Wight* for appellant.

WHITE, C.—The State appeals from an order of the circuit court of Randolph County sustaining a motion to quash an indictment against the defendant, which indictment, omitting caption and signature, is as follows:

"The grand jurors for the State of Missouri, duly impaneled, sworn and charged to inquire within and for the body of the county of Randolph in the State of Missouri, upon their oaths present and charge that Gober Morris, at the county of Randolph, in the State of Missouri, on the —— day of ————, 1916, did unlawfully and feloniously set up and keep a certain table and gambling device, to-wit, a poker table, on which said table a pack of cards and poker chips were then and there used and which said table was commonly called a poker table, and was adapted and designed for the purpose of playing games of chance for money and property and by means of which said table, pack of cards and poker chips certain games of chance commonly called poker, were then and there played for money and property, and the said Gober Morris did then and there unlawfully and feloniously entice, induce and permit divers persons, to-wit, Kirt Wilcox, Mike Marietta, Hughey Smith, Charles Horn, Pluggy Moore, Roy Adams, Joe Togliatti and divers other persons to these grand jurors unknown, to play and bet at and upon said gambling device; against the peace and dignity of the State."

It is an attempt to charge the defendant with keeping a gambling device under Section 4750, Revised Statutes 1909. An analysis of this indictment shows that it alleges:

That defendant did set up and keep a certain table and gambling device, to-wit, a poker table, which was adapted and designed for the purpose of playing games of chance, etc.

It further alleges that a pack of cards and poker chips were used on said table for the purpose of playing games of chance, but it does not allege that the defendant kept and set up or furnished the cards or chips. For aught that is charged in the indictment the

poker chips and cards which were alleged to have been used on the table were furnished by the players or someone other than the defendant.

It is not stated in what manner the table was adapted and designed for the purpose of playing games of chance. The allegation is that "by means of which said table, pack of cards, and poker chips," games of chance were played. This negatives the idea that the table, for which alone the indictment alleges defendant was responsible, could have been by itself a gambling device.

Informations in this form have been held insufficient by this court in various cases. [State v. Harper, 190 S. W. 272; State v. Wade, 267 Mo. 249.]

That section was formerly construed in a way to hold an indictment, such as the one under consideration here, sufficient, but in the case of State v. Wade this court expressly overruled these earlier decisions. A poker table not being one of the devices enumerated in Section 4750, it would be necessary to point out in what manner a table was, or could be, adapted to poker playing. For anything that appears in the indictment, and for aught this court knows about the game, one table is as well "adapted" for that purpose as another.

Counsel for the State urge that the use of cards and poker chips in connection with the table made the table a gambling device. It is not the game but the *device* at which the statute is aimed. The Legislature did not intend, by this section, to prohibit one from allowing gambling on his premises, because there is another section of the statute, Section 4753, which covers that offense. Possibly it was the intention that the two sections should reach every form of permitting or inducing gambling by persons who profit by it.

If the indictment had stated that the defendant set up and kept a gambling device, to-wit, a table, cards and poker chips; that the said table was equipped with said cards and poker chips; and the said table, cards and poker chips were by him thereby adapted, devised and designed for the purpose of playing games of chance

(or that by the use of packs of cards and poker chips upon and in connection with said table the same were adapted, devised and designed for the purpose of playing certain games of chance), commonly called poker, and became and thereby was a gambling device, to-wit, a poker table, and that by means of said table, pack of cards and poker chips certain games of chance commonly called poker were played, and that defendant enticed, etc., or words of similar import, then such information would have been sufficient under the ruling in the Wade case and in the Harper case.

The judgment of the circuit court is affirmed.

*Roy, C.,* concurs.

PER CURIAM:—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.