THE STATE v. WILLIAM LABREYERE, Appellant.—64 S. W. (2d) 117.

Division Two, October 28, 1933.

*W. A. Brookshire* for appellant.

*Roy McKittrick*, Attorney-General, and *Frank W. Hayes*, Assistant Attorney-General, for respondent.

COOLEY, C.—By information in the Circuit Court of Washington County the defendant was charged with robbery in the first degree for having robbed the Bank of Caledonia, in said county, on August —, 1931. There were two trials. At the first trial defendant was convicted and his punishment was assessed at ten years' imprison-

ment in the penitentiary. The trial court sustained defendant's motion for a new trial. At the second trial he was again convicted and the same punishment was assessed. From sentence and judgment on that verdict he has appealed.

The robbery, committed by means of a deadly weapon, a revolver, was clearly proved as charged and was not disputed, the controverted question being defendant's participation therein. Two men perpetrated it. One, Fred Conway, later was apprehended and pleaded guilty. This defendant was identified at the trial of this case as one of the robbers by the two bank officers present when the bank was robbed and by several other witnesses whose testimony tended to prove his participation in the crime. There can be no question as to the sufficiency of the evidence to make a submissible case and to sustain the verdict. Defendant denied participation in or presence at the robbery and introduced evidence tending to show that another man who closely resembled him in appearance was a close friend of Conway's and was seen with the latter shortly preceding and following the robbery, the inference being that such other man was Conway's accomplice and that defendant was mistaken for him by the identifying witnesses. For the disposition we must make of the case the foregoing is a sufficient statement of the facts.

 The matters principally relied upon for reversal are the refusal of the trial court to grant defendant a continuance and its refusal to grant a new trial on the ground of alleged newly discovered evidence. All alleged errors complained of are matters of exception which can be considered on appeal only if they have been preserved and called to the trial court's attention by a timely motion for new trial. Such timely motion is not shown to have been filed in this case.

 From the transcript of the record proper, the appropriate repository for such facts, we learn that the verdict was returned on April 8, 1932; that on the same day the court, by order of record, gave defendant ten days in which to file motion for new trial, all the time that could be allowed by law, Section 3735, Revised Statutes 1929 (4 Mo. Stat. Ann., p. 3275); and that on April 30, 1932, twenty-two days after verdict and twelve days after the expiration of the time allowed by the court, the motion for new trial was filed. There is a statement, not purporting to be a record entry, in the bill of exceptions that "within the time granted as aforesaid (the ten days) counsel for defendant filed his motion for a new trial, which is as follows:" Then is set out the only motion for new trial appearing in the record. After the caption it begins: "Comes now the defendant with leave of court and files his *amended* motion for a new trial and states," etc. (Italics ours.) If it was in fact an amended and not the original motion the original is not in the bill of exceptions nor is its filing anywhere shown, and it must have been abandoned

as no reference to it appears in the record. The motion set out in the bill of exceptions is followed in that instrument by a copy of the record entry shown by the record proper, showing the filing of the motion on April 30. Further, the motion is verified by defendant under date of April 30, and sets out *in haec verba* an affidavit, which is also referred to in the motion as being attached thereto and made a part thereof and which affidavit is verified under the date of April 29. Such verification dates show that said motion for new trial could not have been filed within the ten days allowed by the court.

The record must affirmatively show that the motion for new trial was filed in time. [State v. Blanchard, 326 Mo. 965, 33 S. W. (2d) 937, and cases cited.] And the motion cannot be amended after the time allowed by law for filing it has expired. [State v. Dusenberry, 112 Mo. 277, 20 S. W. 461; State v. Midkiff (Mo.), 286 S. W. 20, 24; State v. Malone, 333 Mo. 594, 62 S. W. (2d) 909.] Under the statute above mentioned the trial court is powerless to grant more than ten days after verdict in which to file a motion for new trial or to entertain such motion if filed out of time, either with or without leave of court. [State v. Malone, supra.] When the motion for new trial is not filed within the time fixed by statute or allowed by the court as permitted by the statute, matters of execption which are required to be preserved and brought to the trial court's attention by a motion for new trial cannot be considered on appeal. Such is the situation here, leaving nothing for our consideration but the record proper. [State v. Blanchard, supra; State v. Malone, supra; State v. Schmitz (Mo.), 46 S. W. (2d) 539.]

Although holding that there is nothing before us for review but the record proper we have examined the bill of exceptions and find nothing therein that in our judgment would justify reversal.

There is no error in the record proper. The information, verdict and judgment are in due form and sufficient. The judgment of the circuit court is affirmed. *Westhues* and *Fitzsimmons, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.