THE STATE v. LEONARD BROWN, Appellant.—98 S. W. (2d) 777.

Division Two, November 17, 1936.

*Charles E. Gibbany* and *K. D. Cross* for appellant.

*Roy McKittrick,* Attorney General, *William W. Barnes* and *Wm. Orr Sawyers,* Assistant Attorneys General, for respondent.

WESTHUES, C.—Appellant was charged, by an information filed in the Circuit Court of Gentry County, Missouri, with the crime

of burglary and larceny. The jury assessed a punishment of four years' imprisonment in the penitentiary. From the sentence imposed in accordance with the verdict an appeal was taken.

The record proper discloses that the information was filed on the 13th day of March, 1934. On application of appellant the regular judge of the circuit court was disqualified and the Honorable Walter A. Higbee, judge of the Thirty-seventh Judicial Circuit, was called to try the case.

The record also shows that a plea of not guilty was entered by appellant, and that a jury was duly impaneled and sworn to try the case. The record shows that appellant was accorded allocution prior to sentence. We have examined the information, verdict and judgment and find them in proper form.

The record discloses that the verdict was returned on March 21, 1935. A motion for new trial was filed March 28, 1935, more than four days after the verdict was returned. The record fails to show that appellant made application to the trial court for an extension of time in which to file his motion for new trial. The trial court did not make an order extending the time. The record is silent on this point. Under our uniform ruling we have nothing before us for review except the record proper. We have repeatedly held that a trial court is without jurisdiction to entertain a motion for new trial, which was filed after the expiration of the time allowed by law for its filing. Such a motion is a nullity. In State v. Jefferson, 334 Mo. 57, 64 S. W. (2d) 929, l. c. 930 (1) this court said:

"In this case we have nothing before us for review but the record proper, owing to the fact that the defendants did not comply with the statute in the filing of a motion for new trial. The record certified here shows that the verdicts were returned on October 7, 1931, and that they filed a joint motion for new trial on October 17, 1931, more than four days, exclusive of Sunday, after the verdicts were returned. The statute, Section 3735, Revised Statutes 1929 (Mo. Stat. Ann., sec. 3735, p. 3275), requires motions for new trial in criminal cases to be filed before judgment and within four days after verdict if the term so long continues; if not, then during the term, 'provided, that the court shall have power in any case for good cause shown to extend the time for filing such motion for a period not exceeding ten days from the date of the return of the verdict.' We have always held mandatory the requirement of the statute as to the time of filing such motions. The court, not the judge thereof, is given power to extend, for good cause shown, the four-day time limit. *The court speaks by its record.* We have held that the record must show affirmatively that the motion for new trial was filed in time, and that where it is not filed within the four-day period there must be a record showing that the court extended the time. [State v. Blanchard et al., 326 Mo. 965,

33 S. W. (2d) 937. To the same effect, see State v. Schmitz (Mo.), 46 S. W. (2d) 539; State v. Harrison (Mo.), 29 S. W. (2d) 63; State v. Malone, 62 S. W. (2d) 909, 333 Mo. 594.] In the Blanchard case and the Schmitz case the motion was filed more than four but less than ten days after verdict without an order of record extending the time. In each case we held there was nothing for review but the record proper. In the Harrison case the motion was filed within ten days after verdict but after expiration of the time as extended by the court, and we held it a nullity. The Malone case approves the principle of the other cases above cited.'' (Italics ours.)

In State v. Blanchard, 326 Mo. 965, 33 S. W. (2d) 937 (1), we said: ''Both the record proper and the bill of exceptions affirmatively show the motion was filed out of time. There would have to be a record of equal verity showing such extension, which could not be presumed from the fact that the court considered and overruled the motion. It was said in the Brown case, supra, l. c. 507 of 206 Mo., 103 S. W. 955, 957: 'It is true that the trial judge heard and considered the motion for new trial just as if it had been duly filed, and then overruled it, which he had no power to do; the motion not having been filed in term time.' ''

■ Appellant, on September 2, 1936, filed the following stipulation in this court, omitting caption and signatures of attorneys:

''Whereas, on the 28th day of March, 1936, the above named Appellant filed in this Court 'Suggestions of Diminution of the Record' in this cause, and,

''Whereas, on the same day the Judge of this Court issued its writ of certiorari directed to the Clerk of the Circuit Court of Gentry County, Missouri, to send to this Court, a full, true and complete transcript of said proceedings, certified by him as provided by law, and that he do the same forthwith, and,

''Whereas, said Clerk has so far neglected to comply with said writ of certiorari, and in order that a prompt hearing of appellant's appeal may be had in this court, and in order to avoid delay in the hearing of said Appeal, the Respondent, by the undersigned, and the Appellant by his Attorneys of record do hereby agree that the Appellant's Motion for a New Trial was in truth and in fact filed within the time allowed by law and granted by said Court, and that on submission of this cause the record may be so treated as showing timely filing of a Motion for a New Trial by the Appellant herein, and record so treated as perfected in this respect.''

Our files show that on January 6, 1936, there was filed in this court a certified copy of the record. This transcript shows that the motion for new trial was filed out of time. On August 13, 1936, appellant filed in this court the following motion, omitting caption and signatures of attorneys:

"Now on this day comes Leonard Brown, appellant, by his Attorney of record, and shows to this court that the Clerk of the Circuit Court of Gentry County, Missouri, has filed a duly certified copy of the record proper in this cause, but, inadvertently said Clerk has filed or caused to be filed the original bill of exceptions instead of a certified copy thereof.

"Appellant requests permission to withdraw from the files in this court, the original bill of exceptions, and to file in lieu thereof a full transcript of the records in the cause including the bill of exceptions, judgment and sentence, duly certified to by the clerk of the Circuit Court of Gentry County, Missouri, all in the manner as provided by Section 3756, Revised Statutes of 1929, also ask permission to withdraw suggestions of diminution of record."

This motion was granted and on the same day appellant filed in this court what purports to be, as stated in appellant's motion, a duly certified copy of the bill of exceptions properly authenticated. It will be noted that appellant, in the motion filed, withdrew his suggestions of diminution of the record. It will also be noted that appellant in his motion requested permission to file a full transcript, duly certified by the clerk of the circuit court. Examining this transcript of the entire proceedings we find that the record proper, as well as the bill of exceptions, shows that the motion for new trial was not filed within the time prescribed by law.

Can this court disregard the record made and treat the motion for new trial as having been filed in time, as suggested in the stipulation? We think not. The stipulation does not give the date when the motion for new trial was filed. It merely says, "that on submission of this cause the record may be so treated as showing timely filing of a motion for new trial."

It further says the motion "was in truth and in fact filed within the time allowed by law and granted by said court."

That is a mere conclusion and not borne out by the record. The record does not show that the trial court granted any extension of time in which to file the motion. We must assume that the record below does not show such fact. Appellant, by withdrawing his suggestions of diminution of the record and stating to the court that he desired to file a full transcript of the record duly certified, and having filed such a record, cannot now in an indirect way dispute the truth of such record.

We find that the only attempted justification for the stipulation filed is contained in the State's brief where it is said:

"It has been represented to respondent by appellant that the trial court orally extended the time for filing the motion for new trial but failed to let the record show an extension of time."

A circuit court is a court of record and can only speak through and

by its record. We are bound by that record. We must treat this record as though no motion for new trial was filed, hence we do not have jurisdiction to review anything except the record proper. [See cases cited above.] The State cannot by agreement waive this point so as to authorize this court to treat the motion as filed in time, when the record shows that it was not so filed. In Bernhard v. Brown, 31 Ill. App. 385, l. c. 386, the court said:

"*Per Curiam*: This petition for rehearing comes too late under the rules of this court, to be considered. Counsel for appellee, however, seeks to avoid the rule of court by consenting to a rehearing. Consent of counsel for appellant and appellee cannot, however, avoid the fact appearing on this record, that the judgment of the circuit court was not expected to, nor a motion for new trial entered. One or the other must be shown to give us jurisdiction to hear and determine a case on its merits. That cannot be waived by counsel, nor can we recognize the right of counsel to waive the rules adopted by this court with reference to rehearing. This motion for a rehearing is dismissed."

In the case of State v. Steptoe, 65 Mo. 640, the attorneys attempted by agreement to have this court disregard the record. The court in disposing of this question said (l. c. 643):

"The only remaining ground of alleged error is that the verdict is not sufficient to support the judgment. The verdict as entered on the record is as follows: 'We, the jury, find defendant, John Steptoe, guilty of robbery, and assess his punishment at ten years in the State penitentiary.' There is added to the record immediately after the bill of exceptions, the certificate of the clerk of the criminal court, stating that the true verdict rendered by the jury and accepted by the court was as follows: 'We, the jury, in the case of *The State v. John Steptoe*, find the defendant guilty and assess his punishment for *ten years penitatory*.' An agreement follows this certificate that the record is to be considered as amended in conformity with the above certificate, which was signed and acknowledged before the clerk by the attorneys representing the State and defendant. This verdict nowhere appears in the record proper nor in the bill of exceptions, nor does the above agreement appear to have been filed as a stipulation, nor does the record show that it was brought to the attention of the criminal court when the motion for a new trial was heard and determined. On the contrary it does appear that the motion for a new trial was made and overruled on the 24th day of April, 1875, and that defendant was sentenced on the first day of May, 1875. The agreement above referred to that the record should be amended was not acknowledged before the clerk till the third day of November, 1875, so that it could not have been before the court when the motion for new trial

was made. We shall therefore consider the statement made in the record proper, as to the verdict, as the correct one."

The Missouri decisions, above referred to, are unanimous in holding that a motion for new trial, filed after the statutory period for its filing had expired, is to be treated as a nullity. If so, the situation is the same as if no motion had been filed. The conclusion then is inescapable that the State cannot by stipulation have this court consider a motion for new trial to have been filed, when in fact none was filed. If the State could so stipulate and have this court review the rulings of the trial court then the matter of filing motions for new trial would no longer be controlled by our statute. The statute could then be set aside by mutual consent to suit the convenience of the parties. We must not lose sight of the fact that we are all governed by the same law. That law is just as binding upon this court as it is upon the appellant in this case. We have consistently and uniformly refused to consider errors assigned in motions for new trial where the motions were filed out of time. We have not inquired into the reason why they were not so filed and in so ruling we have but followed the law. We are not authorized to, nor can we legally set aside that law for the appellant in this case.

The judgment is, therefore, affirmed. *Cooley* and *Bohling*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.