STATE OF MISSOURI, RESPONDENT, v. FRANK E. SHORT AND J. W. SHORT, APPELLANTS.—228 S. W. 2d 15.

Kansas City Court of Appeals.   Opinion delivered March 6, 1950.

(1)

2

*Sapp & Miller, George C. Miller* and *Luman Spry* for appellants.

*W. D. Settle* for respondent.

CAVE, J.—The defendants were convicted of violating Sec. 3520, R. S. 1939, which declares certain acts of certain vendors a misdemeanor. They have appealed.

The defendants challenged the sufficiency of the information by a motion to quash, which was overruled, and this is the only error properly preserved.

Defendants do seek to urge error in State's instructions S-1 and S-2, but we have carefully examined the motion for new trial and find no reference to said instructions or to any others given on behalf of the State and, under such circumstances, we are precluded from considering that question. Sec. 4125, R. S. 1939. For an array of cases on this subject, see, 9 Mo. Dig., Criminal Law, Par. 1064 (7).

The prosecution is based upon certain alleged violations of our "Bulk Sales Law," which is codified under the general chapter of "Fraudulent Conveyances." Diligent and able counsel have been unable to find any prior conviction in this state for violation of said Act, and we have found none.

Since the only error preserved challenges the sufficiency of the information, we copy the material portion and, for convenience and clarity, are dividing the allegations into certain numbered paragraphs and referring to the parties as vendors and vendees, and eliminating the names of certain alleged undisclosed creditors and the amount due each.

The information charges that the defendants, on a certain date, (1) "* * * did then and there willfully, unlawfully and knowingly sell the major part in value or the whole of a stock of merchandise, fixtures and equipment pertaining to the business of the said Frank E. Short and J. W. Short to one G. Ben Dyer and Marie K. Dyer, and (2) did then and there at the time of said sale, furnish to the said (vendees) a written statement purporting to be a full, accurate and complete list of the names and addresses of all the creditors of the said (vendors), in which said statement the said (vendors) unlawfully, willfully and knowingly alleged there *were no creditors and no debts owed by* (them), *except as fully disclosed to the said* (vendees), which said statement was certified and sworn to under oath by the (vendors), *whereas the* (vendors) *well knew that they were indebted to* (three certain named creditors and the amount due each), and (3) the said (vendors) unlawfully, willfully and knowingly did make or deliver or cause to be made or delivered *a statement* as required by law, *of which a material portion was false,* and (4) did unlawfully, willfully and knowingly fail to include the names of

all creditors of the said (vendors) and the amounts due each creditor *as set out above,* contrary to the form of the statute * * *." (Italics ours.)

The statutes under which this prosecution is brought are Secs. 3517 and 3520, R. S. 1939. The material part of Sec. 3517 requires a vendor, who is selling all or the major part of a stock of merchandise, fixtures and equipment, to make and deliver to the vendee upon vendee's demand "* * * a written statement, * * * of the names and addresses of the creditors of such vendor, together with the amount of indebtness due or owing by said vendor to each of said creditors, and certified by the vendor, under oath, to be a full, accurate and complete list of his creditors and the amounts owing to each to the best of his knowledge and belief * * *."

Sec. 3520 provides, "Any vendor of merchandise * * *, who shall knowingly and willfully make * * * *any statement required by said section, (3517)*, of which any material portion is false or shall knowingly and willfully fail to include the names of all the creditors of said vendor and the amounts due each in said statement shall be guilty of a misdemeanor * * *." (Italics ours.)

Defendants' assignments of error are to the effect that (a) the information is vague and indefinite and they could not know with what they were charged; (b) that the statement alleged to have been given by the defendants was not quoted in part or in full in the information, and ('c) that the information did not allege sufficient facts to bring the defendants precisely within the definition of any statutory offense.

They argue that the language, which we have designated as Par. (1), attempts to charge a criminal offense but is insufficient to do so. There is no merit in this contention. That language alleges merely the sale of merchandise, fixtures and equipment as defined in Sec. 3517. This is a necessary allegation preliminary to charging an offense under Sec. 3520. The mere fact that the information used the words, "Willfully, unlawfully and knowingly" in describing the sale, are unnecessary and will be considered as surplusage and disregarded. State v. Inks, 135 Mo. 678; State v. Selleck, 55 S. W. (2d) 469; State v. Null, 355 Mo. 1034, 199 S. W. (2d) 639.

They next argue that the language of Pars. (2) and (3) is insufficient to charge an offense because the affirmative representation made by the defendants in the written statement is not sufficiently set out and that there is no averment that such purported representation was false. This part of the information charges that the defendants furnished to the (vendees) a written statement purporting to be a full, accurate and complete list of the names and addresses of all the creditors of said (vendors), "in which said statement the said (vendors) unlawfully, willfully and knowingly alleged there were *no creditors* and *no debts* owed by the said (vendors) *except*

*as fully disclosed to the said (vendees)* · \* · \* \*, whereas the said (vendors) well knew that they were indebted to (three named cred-· itors), \* \* \* and the said (vendors) unlawfully, willfully and knowingly did make \* \* \* · a statement as required by law, of which a material portion was false, \* \* \*.'' We think this language sufficiently alleges the affirmative representation made by the vendors; that is, *that the vendors had no creditors and owed no debts except those divulged to the vendees.* It is not necessary to copy the whole of the written statement; all that is necessary is to allege the part charged to be false.

· However, defendants argue that the information does not specifically allege that the three named creditors listed in the information were not among the creditors whose names had been divulged to the vendees. We think they fail to take into consideration the language immediately following the allegation of the representation, which is, ''whereas the vendors well knew they were indebted to (three named creditors) \* \* \* and the said vendors unlawfully, willfully and knowingly made \* \* \* a statement \* \* \* of which a material portion was false, \* \* \*.'' When this language is considered, as it must be, in connection with the allegation of the representation, it means, and can only mean, that the three named creditors were not among those divulged by the vendors and that such representation *was material* and *was false.*

Defendants also argue that the information does not sufficiently charge the defendants with failure to list the names of all the creditors, together with the amount due each. Referring again to Par. (2) of the information, we find that it charges that the defendants furnished to the vendees a written statement purporting to be a full, accurate and complete list of the names and addresses of all the creditors of said (vendors) in which said statement the vendors asserted there *were no creditors and no debts* owed by them, and Par. (4), which must be read in connection therewith, alleges that the (vendors) ''did unlawfully, willfully and knowingly fail to include the names of all creditors of the said (vendors) and the amount due each creditor *as set out above,* \* \* \*.'' The information had theretofore set out the names of certain creditors and the amount due each. We think this language is sufficient to charge the defendants with failure to include the names of all the creditors and the amount due each as required by Sec. 3520.

· Defendants also contend that the information is defective because it alleges that the *statement* was sworn to under oath but fails to allege that an oath was taken by the defendants, or who administered the oath, or whether such person was in fact qualified at that time to administer an oath. We are cited to no Missouri statute or decision and know of none which declares that such allegations must be made

in the information. We think such questions would be a matter of proof, if disputed.

Defendants' last contention is that the written statement, referred to in the information, is not such a statement *as required by Sec. 3517* and, therefore, no prosecution can be maintained for a violation of it under Sec. 3520. It is true the last section requires that the statement shall be such *as required by Sec. 3517*. The question is, what does that mean? Defendants argue that it means the statement must be in the form and contain all the matters specified in the above quoted part of Sec. 3517; that is, it must list the names and addresses of all creditors, together with the amount of indebtedness due each, and be certified under oath. We think this reasoning is unsound. If the statement fully and completely complied with Sec. 3517, then there could be no violation and no prosecution, and Sec. 3520 would have no meaning or purpose. It is our opinion that the italicized clause of Sec. 3520 means a written statement furnished by the vendor *for the purpose and with the intent of complying* with the requirements of Sec. 3517. This conclusion is supported by the fact that Sec. 3520 makes it a misdemeanor if any material portion of the statement is false or if the name of any creditor or the amount due him is omitted. The very essence of the criminal offense is that the written statement *does not comply* with Sec. 3517 in certain particulars.

This information could have been made more definite and certain, but we think it is sufficient to charge every essential element of the offense and to inform the defendants of what they must be prepared to meet, and is sufficient to support a plea of double jeopardy. The same strictness of pleadings is not required in misdemeanors as in felonies. State v. Granger, 199 S. W. (2d) 896; State v. Jones, 164 S. W. (2d) 85.

Having concluded that the information is sufficient, and there being no other properly preserved errors, it follows that the judgment should be affirmed. It is so ordered. All concur.