**CITY OF ST. LOUIS (Plaintiff), Respondent,**

v.

**Roy MEIXNER (Defendant), Appellant.**

No. 29176.

St. Louis Court of Appeals.

Missouri.

Dec. 20, 1955.

Francis M. O'Brien, St. Louis, for appellant.

Samuel H. Liberman, City Counselor, W. H. Freivogel, Asst. City Counselor, St. Louis, for respondent.

HOUSER, Commissioner.

This is an appeal from the judgment and sentence of the St. Louis Court of Criminal Correction, Division No. 2, dated August 26, 1954, assessing against Roy Meixner a fine of $250 and imprisonment in the city workhouse for twenty days.

The case originated in City Court No. 2 of the City of St. Louis by the filing of a Report of the Chief of Police charging defendant with violation of Ordinance No. 44886, Chapter 69, Section 38, in that in said city on December 23, 1953 defendant "* * * did operate and drive a vehicle, to-wit, a Auto on the streets of St. Louis, to-wit, on the front of 2805 Burd streets while he was in an intoxicated condition * * *." On appeal to the St. Louis Court of Criminal Correction the case was tried without a jury on June 16, 1954. At the conclusion of the evidence introduced by the city the following appears:

"By the Court: Defendant being in default, his punishment will be assessed at $250.00 as a fine and costs, and twenty (20) days in the Workhouse."

On June 21 the court made the following order: "* * * Defendant granted thirty days in which to file motion for new trial, cause set for August 12th, 1954."

On August 12 the case was "continued for the defendant until August 26th, 1954."

On August 26 counsel for appellant, who conducted this appeal, entered his appearance for defendant and filed a motion for new trial. On the same day the court overruled that motion and sentenced defendant as follows:

"The Court: Roy Meixner, the Court now sentences you to pay a fine of $250.00 and costs, and twenty (20) days in the City Workhouse, and upon your failure to pay the fine, it will be added to the previous term, in the City Workhouse, there to remain, until said fine and sentence is complied with, or released by due process of law."

This is the only record of a judgment appearing in the transcript. On the same day defendant took an appeal "from the judgment of conviction entered against him * * * on the 26th day of August, 1954."

The proceedings of the St. Louis Court of Criminal Correction are "governed by the laws regulating proceedings and practice in criminal cases." Sections 479.180, 541.010 RSMo1949, V.A.M.S.; State v. King, Mo.Sup., 275 S.W.2d 310. By Supreme Court Rule of Criminal Procedure 27.20, 42 V.A.M.S., a motion for new trial is required to be filed within ten days [1] "after the return of the verdict", provided that on application of defendant the court may extend the time for such filing for an additional period of thirty days. The court has no power to make

---

1. The time limit was four days under Section 547.030 RSMo 1949, V.A.M.S. prior to January 1, 1953, the effective date of Rule 27.20, supra.

another or further extension of the time for the filing of said motion. Supreme Court Rule 31.02 provides that "the court may not enlarge the period for filing a motion for new trial or for taking an appeal as provided by these Rules."

The legal equivalent of the time of "the return of the verdict", Supreme Court Rule 27.20, supra, in a non-jury case is the date the court makes its findings on the question of guilt or innocence, which in this case the court apparently undertook to do on June 16. Defendant was required to file his motion for new trial within ten days thereafter unless the court granted an additional period. Supreme Court Rule 27.20, supra. The thirty-day period granted on June 21 extended the time for the filing of the motion for new trial until July 20, but the motion for new trial was not filed until August 26. No timely motion for a new trial having been filed we cannot review matters of exception therein, State v. Morris, Mo.Sup., 169 S.W.2d 379; State v. Hyatt, Mo.Sup., 71 S.W.2d 711; State v. La Breyere, 333 Mo. 1205, 64 S.W.2d 117, and nothing is presented for appellate review save the record proper. State v. Mosley, Mo.Sup., 119 S.W.2d 297; State v. Lyscio, Mo.Sup., 95 S.W.2d 1161; State v. Jefferson, 334 Mo. 57, 64 S.W.2d 929.

An examination of the record proper reveals that the Report of the Chief of Police is in due form and sufficient, but the court's finding of June 16 is insufficient to sustain a judgment and the judgment of August 26 rendered thereupon is wholly void. The final judgment in a criminal case must be based upon a proper conviction, which is the establishment or ascertainment of guilt. Being the final judicial determination of the matter presented in the record, a judgment of guilt upon the record is required to establish defendant's guilt and that he has been convicted. State v. King, supra, 275 S.W.2d loc.cit. 314. Except in the case of a confession in open court or a plea of guilty, a conviction is evidenced by the verdict of a jury, or in a case tried to the court without a jury by the findings of the court, which are tantamount to, State v. Schwarting, Mo.App., 288 S.W. 969, and have the force and effect of, the verdict of a jury. Supreme Court Rule 26.01(b). The verdict, or the findings of the court, as the case may be, must be definite, certain and responsive to the charge contained in the information, State v. Perry, Mo.Sup., 233 S.W.2d 717, indictment or, as in this case, the Report of the Chief of Police.

In the instant case the trial court made no express reference to or finding upon the question of guilt or innocence. It may be that there is an implied finding of guilt of some offense in the record entry: "By the Court: Defendant being in default, his punishment will be assessed at $250.00 as a fine and costs, and twenty (20) days in the Workhouse," but it is insufficient as a finding that defendant is guilty of driving a vehicle while intoxicated. There is no certainty as to the offense committed; no response to the charge contained in the Report of the Chief of Police. The requirement of a finding of guilt would be met by a finding that defendant is "guilty as charged." Better form would be a general finding that defendant is guilty as charged in the information, indictment, or Report of the Chief of Police, or a special finding that defendant is guilty of the specific crime, including in the finding all of the essential elements of the offense. State v. Mitnick, 339 Mo. 127, 96 S.W.2d 43; State v. De Witt, 186 Mo. 61, 84 S.W. 956. Nothing appears here, however, but an assessment of punishment. The finding is wholly void and insufficient to support a judgment.

Reversal of the judgment and remand of the cause for a new trial is the proper procedure in this situation; State v. De Witt, supra; State v. Schwarting, supra, and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the St. Louis Court of Criminal Correction is, accordingly, reversed and the cause remanded for a new trial.

ANDERSON, P. J., MATTHES, J., and NOAH WEINSTEIN, Special Judge, concur.