**STATE of Missouri, Plaintiff-Respondent,**

v.

**Sidney Rodgers PARKER, Defendant-Appellant.**

No. 46263.

Supreme Court of Missouri,
Division No. 1.

March 10, 1958.

John M. Dalton, Atty. Gen., Robert T. Donnelly, Special Asst. Atty. Gen., Jefferson City, for respondent.

DALTON, Chief Justice.

Defendant was charged with murder in the first degree of one Jimmie Carter in the City of St. Louis, Missouri, on August 8, 1956. He was duly arraigned and entered a plea of not guilty. A trial was, thereafter, had before a jury and a verdict returned finding defendant guilty of murder in the second degree and fixing his punishment at imprisonment in the state penitentiary for a term of thirty years. After motion for a new trial had been filed and overruled and judgment and sentence had been entered, defendant filed his notice of appeal to this court and, thereafter, he applied to the trial court for a free transcript, as a poor person, under the provision of Section 485.100 RSMo 1949 as amended Laws 1955, p. 499, Section 1, V.A.M.S. The request was granted, the transcript prepared, approved and filed in this court.

Defendant has not filed a brief and the cause was submitted here on the brief of respondent and the record of all proceedings below, as shown by the approved transcript.

Respondent has raised the issue that the appeal should be dismissed for the reason that the transcript on appeal shows that defendant's motion for a new trial and his notice of appeal were both filed long after the time allowed by law for the filing of such a motion for a new trial or such a notice of appeal.

The transcript shows that a trial was had in the Circuit Court and the cause submitted to the jury, on February 21, 1957 and, thereafter, on the following day, February 22, 1957, the jury returned a verdict, as stated, which was duly filed.

A motion for a new trial was filed, thereafter, on March 28, 1957. It was duly considered and overruled by the court on March 29, 1957.

42 V.A.M.S. Supreme Court Rule 27.20 provides that such a motion for a new trial shall be filed within ten days after

the return of the verdict, except that on application of the defendant, the court may extend the time for filing such a motion for an additional period of 30 days, but that the court shall have no power to make another or further extension of time for filing the motion.

■ The transcript presented fails to show any extension of time for the filing of a motion for a new trial and the motion having been filed on March 28, 1957, after the verdict had been returned on February 22, 1957, was not timely filed. The motion for a new trial not having been timely filed, we are precluded from the consideration of any matters required to be preserved in a motion for a new trial.

In view of the gravity of this situation we have had the Clerk of this Court write the Clerk of the Circuit Court for Criminal Causes in the City of St. Louis and we have been furnished a certified copy of an order entered in this cause on March 20, 1957, by which the defendant was granted additional time to file a motion for a new trial and time was enlarged to March 27, 1957. It is immaterial whether or not the order was valid and sufficient, since the motion for a new trial was not filed within the time granted, or until Thursday, March 28, 1957. Accordingly, we must and do hold that the motion for a new trial was not timely filed.

As stated, the motion for a new trial was overruled on March 29, 1957, thereafter, on the same day defendant was granted allocution, and judgment and sentence entered against defendant.

Supreme Court Rule 28.03 provides that "an appeal shall be taken by filing a notice of appeal in the same manner and within the same time after final judgment as provided for civil cases." Section 512.050 RSMo 1949, V.A.M.S. provides that "no such appeal shall be effective unless notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final."

The judgment and sentence of defendant on this record was final and appealable when entered. Supreme Court Rule 28.03. The notice of appeal had to be filed within 10 days, unless time was extended by special order of appeal entered by this court under Supreme Court Rule 28.07 within 12 months after final judgment. No such special order is shown to have been made in this court.

The transcript shows that a notice of appeal was filed in the trial court by defendant on April 18, 1957. This date and the other material dates have been verified by the Clerk of the Circuit Court for Criminal Causes.

■ The judgment and sentence having been entered on March 29, 1957, the filing of notice of appeal on April 18, 1957, was not a timely filing thereof and no valid appeal was taken in the case. State v. Robbins, Mo.Sup., 269 S.W.2d 27, 29.

It follows that, absent a valid and timely appeal, the record is not properly before us, this court is without appellate jurisdiction of the cause and the appeal must be and is hereby dismissed. Supreme Court Rule 28.09.

It is so ordered.

All concur.