**STATE of Missouri, Respondent,**

v.

**Carl CROCKER, Appellant.**

**No. 47670.**

Supreme Court of Missouri,
Division No. 2.

May 9, 1960.

J. Ben Searcy, Eminence, for appellant.

John M. Dalton, Atty. Gen., Hugh P. Williamson, Asst. Atty. Gen., for respondent.

BOHLING, Commissioner.

Carl Crocker appeals from a conviction and sentence of two years' imprisonment for stealing eleven head of Hereford white-faced cattle. §§ 560.156, subd. 2, 560.161, subd. 1(2) and subd. 2(3). Statutory ref-

erences are to RSMo 1949 and 1957 Supplement, V.A.M.S. See Laws 1955, p. 508, §§ 2, 5, subds. 1(2), and 2(3).

Respondent has filed a motion to dismiss this appeal on the grounds defendant's motion for new trial and notice of appeal were not timely filed. Defendant has filed no brief in this court.

On December 29, 1958, the jury returned the following verdict into court: "We, the jury in the above entitled cause, find the defendant, Carl Crocker, guilty of stealing livestock, as charged in the information, and assess his punishment at ————. R. L. Jordan, Foreman." On said December 29th, the court ordered defendant "to appear back on February 19th, 1959, on the same bond, for fixing punishment." A record recital states that defendant, with his counsel, appeared in court on February 19, 1959 (fifty-two days after the return of the verdict), and defendant, having nothing to say for himself, was formally sentenced to two years in the Missouri State Penitentiary. Supreme Court Rule 27.03, V.A.M.R.; § 546.440; State v. Turpin, 332 Mo. 1012, 61 S.W.2d 945, 947, 948 [13–15]; State v. Huff, Mo., 173 S.W.2d 895 [3, 4]; State v. Levan, 306 Mo. 507, 267 S.W. 935, 937 [4, 5]. The court thereupon purported to grant defendant twenty days in which to file a motion for a new trial. The judgment recitals show that the court informed defendant of the verdict of the jury, accorded defendant allocution and, upon defendant saying nothing, formally sentenced defendant to two years' imprisonment in the Missouri State Penitentiary.

On February 26, 1959, fifty-nine days after the return of the verdict of the jury, a motion for new trial was filed on behalf of the defendant.

Supreme Court Rule 27.20 requires motions for new trial in criminal cases to "be filed before judgment and within ten days after the return of the verdict" and authorizes the court, upon application, to extend such time for an additional thirty days but prohibits any greater extension of the time for filing said motion. Consult § 547.-030. And Rule 31.02 provides that "the court may not enlarge the period for filing a motion for new trial or for taking an appeal as provided by these Rules." The time of the return of the verdict is when the jury reports its findings on the innocence or guilt of the defendant. Supreme Court Rule 27.01(a); City of St. Louis v. Meixner, Mo.App., 285 S.W.2d 50 [3]; State v. Turpin, supra [12, 15]; State v. Huff, supra [4].

The provisions of Rules 27.20 and 31.02 are mandatory. Defendant's motion for new trial was not timely filed for two reasons. It was filed after the entry of the judgment (State v. Baird, 297 Mo. 219, 248 S.W. 596, 598 [3]; State v. Porter, Mo., 81 S.W.2d 316 [1, 2]) and after the lapse of more than forty days after the return of the verdict of the jury (State v. Parker, Mo., 310 S.W.2d 923 [1, 2]; State v. Brown, 339 Mo. 1014, 98 S.W.2d 777 [1–3, 6]; State v. Loyd, Mo., 233 S.W.2d 658 [2, 4]). For cases involving punishments assessed by the court and timely motions for new trial, see State v. Taylor, 261 Mo. 210, 168 S.W. 1191, 1194, 1195 and cases cited.

An entry of record of May 25, 1959, states that defendant, with his counsel, appeared, "and the court finds that time has overruled the motion for new trial." Whereupon, on said date, defendant filed an "affidavit for an appeal." Rule 28.03 provides that an appeal in a criminal case "shall be taken by filing a notice of appeal in the same manner and within the same time after final judgment as provided for civil cases." With respect to appeals in civil cases, it is provided: "No such appeal shall be effective unless the notice of appeal shall be filed not later than ten days after the judgment or order appealed from becomes final." § 512.050. See Rule 82.04, effective April 1, 1960. The record entry of February 19, 1959, purporting to grant defendant twenty days in which to file a motion for new trial was made more than forty days after the return of the verdict of December 29, 1958; and under Rules 27.20 and 31.02 and cases cited supra said

minute and defendant's motion for new trial thereafter filed were nullities and ineffective to stay the finality of the judgment entered February 19, 1959. No special order appears of record for filing a notice of appeal within twelve months of the judgment date under Supreme Court Rule 28.07. Defendant's attempt to appeal on May 25, 1959, ninety-five days after the judgment became final, was not timely and no valid appeal was taken. State v. Parker, Mo., 310 S.W.2d 923 [2]; State v. Robbins, Mo., 269 S.W.2d 27 [1, 2]; State v. Morrow, Mo., 316 S.W.2d 527 [2, 3]; State v. Johnson, Mo., 331 S.W.2d 551 [2].

This appeal should be dismissed. It is so ordered.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.