**STATE of Missouri, Respondent,**

v.

**William Elmer KNICKER, Appellant.**

**No. 48999.**

Supreme Court of Missouri,

Division No. 1.

Feb. 11, 1963.

Mandamus Denied March 18, 1963.

See 83 S.Ct. 946.

William Elmer Knicker, appellant, pro se.

Thomas F. Eagleton, Atty. Gen., John H. Denman, Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Commissioner.

Defendant was charged with the unlawful and felonious possession of certain narcotic drugs. See §§ 195.020 and 195.200 (all statutory references are to RSMo 1959, V. A.M.S.). The amended information also charged that defendant had been convicted of four prior felonies. See § 556.280. The trial court heard evidence outside the presence of the jury and found that defendant had been priorly convicted of said felonies as charged.

On May 5, 1961, the jury returned the following verdict: "We, the jury in the above entitled cause, find the defendant guilty of illegal possession of narcotic drugs as charged." On the same day the court fixed the punishment of the defendant at five years' imprisonment in the penitentiary. Thereafter, defendant was granted an additional 30 days in which to file his motion for new trial and said motion was filed on June 15, 1961. On June 22, 1961, the State filed a motion to strike defendant's motion for new trial on the ground that it was not timely filed and was therefore a nullity. The motion to strike was thereafter sustained. Defendant has appealed from the ensuing judgment and sentence.

As appears from the foregoing, the motion for new trial was filed on the forty-first day after the date the verdict was returned and punishment fixed. Supreme Court Rule 27.20, V.A.M.R., provides that the motion for new trial "shall be filed before judgment and within ten days after the return of the verdict: Provided, on application of defendant, the court may ex-tend the time for filing such motion for an additional period of thirty (30) days: Provided further, the court shall have no power to make another or further extension of the time for filing said motion." We have repeatedly held that the provisions of the rule are mandatory and that the motion for new trial must, in all events, be filed within 40 days after the return of the verdict as such is the maximum time within which such filing is permitted under said rule. State v. Kenton, Mo.Sup., 298 S.W.2d 433; State v. Hooper, Mo.Sup., 364 S.W.2d 542; State v. Crocker, Mo.Sup., 335 S.W.2d 32. The motion, not being timely filed and therefore a nullity, was properly stricken by the trial court.

We have reviewed the record matters as required by S.C. Rule 28.02, V.A.M.R. The amended information follows the wording of the statute (§ 195.020) and is sufficient. The verdict has been heretofore set out and obviously is in proper form. The punishment fixed by the court was within the range prescribed by the statute. Section 195.200. Defendant was accorded allocution and the judgment and sentence were regular and in conformity with the verdict.

No error of record appearing, the judgment is affirmed.

COIL, C., not participating.

HOUSER, C., concurs.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All of the Judges of the Division concur, and HUNTER, Special Judge, concurs.