**STATE of Missouri, Respondent.**

v.

**Ernest FRANKLIN, Appellant.**

**No. 50354.**

Supreme Court of Missouri,

Division No. 2.

June 8, 1964.

Roger M. Hibbits, St. Louis, Mo., for appellant.

Thomas F. Eagleton, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., Jefferson City, Mo., for respondent. ·

STOCKARD, Commissioner.

Ernest Franklin was found guilty by a jury of the felony of assault with intent to kill with malice aforethought, and his punishment was assessed by the jury at confinement for a term of fifteen years. He has appealed from the judgment entered pursuant to the verdict.

■ The record before us shows that on October 23, 1962, appellant was charged by indictment with the offense of assault with intent to kill with malice aforethought, and that on November 8, 1962, he was arraigned and pleaded not guilty. The case was brought to trial on March 19, 1963, and the appellant was present with counsel. The verdict of the jury was returned on March 20, 1963, and on that day at the request of appellant the court granted "thirty days additional time within which to file Motion for New Trial, or until April 29, 1963." No such motion was filed within the extended period for doing so. On May 20, 1963, the sentencing of appellant was set for May 27, 1963 "due to absence of defendant's counsel" and notice was sent to counsel in which the court requested counsel's presence. On May 27, 1963, trial counsel was permitted by leave of court to withdraw, and on that day new counsel entered his appearance on behalf of appellant. The cause was continued to June 17, 1963 and then to June 24, 1963. At that time a motion for new trial was filed, which was fifty-six days after the extended period to file such motion, and the extension was the maximum the trial court was authorized

to grant. Supreme Court Rule 27.20, V.A.M.R. Although this motion was a nullity and should have been stricken, State v. Knicker, Mo., 364 S.W.2d 544, certiorari denied 372 U.S. 939, 83 S.Ct. 946, 9 L.Ed.2d 975, the trial court considered and overruled it on July 2, 1963. Appellant then requested a pre-sentence investigation, which was ordered by the court, and sentencing was deferred until August 5, 1963. Allocution was held on August 5, 1963, with defendant and his counsel present, and sentence and judgment were entered. Appellant then filed a motion to appeal as a poor person, which motion was sustained, and the transcript prepared at the expense of the State was approved by counsel for the appellant and for the State.

■ The provisions of Supreme Court Rule 27.20, V.A.M.R., as to the time for filing a motion for new trial are mandatory, and since no motion was timely filed "we are precluded from the consideration of any matters required to be preserved in a motion for new trial." State v. Parker, Mo., 310 S.W.2d 923. See also State v. Miller, Mo., 368 S.W.2d 353. We shall, however, review those matters enumerated in Supreme Court Rule 28.02, V.A.M.R., for which to preserve for appellate review no assignment of error in a motion for new trial is necessary.

The indictment is in the language of Section 559.180 RSMo 1959, V.A.M.S. It alleges every essential element of the offense charged, and is in the terms and form previously approved by this court. See State v. Washington, Mo., 357 S.W.2d 92; State v. Layton, 332 Mo. 216, 58 S.W.2d 454; State v. Marlin, Mo., 177 S.W.2d 485. The record shows formal arraignment, that appellant pleaded not guilty, and that he and his counsel were present throughout the trial.

■ The verdict was as follows: "We, the jury in the above entitled cause, find the defendant guilty of assault with intent to kill with malice aforethought as charged

and assess the punishment at 15 years." It was signed by the foreman, and the record shows that the jury was polled and each member affirmed it as his verdict. The reference in the verdict to "as charged" is tantamount to "as charged in the indictment" and is sufficient. State v. Ryan, Mo., 275 S.W.2d 350. The place of imprisonment is not specified, but this does not affect the validity of the verdict. State v. Gray, Mo., 360 S.W.2d 642; State v. Scott, Mo., 299 S.W.2d 526. The judgment provides that the confinement shall be in the Department of Corrections of the State of Missouri. The punishment is within the limits prescribed for the offense of which appellant was found guilty. Section 559.180 RSMo 1959, V.A.M.S. Allocution was had with appellant and his counsel present, and appellant advanced no legal reason why sentence and judgment should not be pronounced. The sentence and judgment are in proper form and substance.

■■ Appellant has filed a brief in this court. In the first two points he purports to challenge certain evidence and an instruction, matters which we do not consider on this appeal for the reasons previously stated. In his third point he asserts that he was "denied the benefit of adequate counsel at critical stages of the proceedings against him in the trial court in violation of the 14th Amendment to the United States Constitution and Article I, Section 18(a) of the Constitution of the State of Missouri." While this point is insufficiently stated, we have examined the transcript carefully pursuant to the authority set forth in Supreme Court Rule 27.20, V.A.M.R., to consider and review matters of plain error affecting substantial rights. By turning to the argument portion of appellant's brief we find that the alleged basis for this contention is that (1) trial counsel did not ask questions of the jurors on voir dire, (2) he brought out on direct examination of appellant a reference to a prior conviction, and (3) he filed no timely motion for new trial. For all that can be determined from the record, the matters referred to in the first two contentions may well have been the result of trial strategy. There certainly is nothing in the record to show that they resulted from improper or inadequate representation. As to the failure to file a motion for new trial that may have been the result of the exercise of legal judgment on the part of the one person who was present at the trial and had personal knowledge of what occurred and who was in the best position to know and determine whether a motion for new trial should have been filed. The failure to file a motion for new trial, standing alone, does not imply inadequate representation, let alone establish it. In addition, when we look to the substance of the motion that was filed by the counsel who implies dereliction of duty on the part of trial counsel, we find that the matters there presented are totally without merit, and if they had been presented in a timely motion for new trial they would have been overruled.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

STORCKMAN, P. J., and EAGER, J., concur.

LEEDY, J., concurs in result.