**STATE of Missouri, Respondent,**

v.

**Glen E. CROW, Appellant.**

No. 50863.

Supreme Court of Missouri,

Division No. 2.

March 8, 1965.

Motion for Rehearing or to Transfer to Court En Banc Denied April 12, 1965.

Thomas F. Eagleton, Atty. Gen., Jefferson City, James P. Jouras, Sp. Asst. Atty. Gen., Kansas City, for respondent.

Glen E. Crow, appellant pro se.

STOCKARD, Commissioner.

Glen Eugene Crow was found guilty by a jury of burglary, second degree, and steal-

ing, and sentenced to imprisonment for ten years for burglary and five years for stealing, the two sentences to run concurrently. Upon appeal that judgment was reversed and the cause remanded for allocution and resentencing because allocution was held without the presence of counsel over the objection of defendant. State v. Crow, Mo., 377 S.W.2d 129.

When the case was here previously the transcript did not contain a motion for a new trial, but it did show that at the time of allocution defendant insisted that he had attempted to mail one from the jail where he was confined, and it also indicated that defendant handed to the trial court what he said was a copy of his motion. In our previous opinion we said this: "At the time of allocution when this matter was presented, the trial court should have determined the factual issue, and made a record of its findings, of whether such motion, if mailed at the time defendant asserted it was, would have been timely, and if so, whether its failure to reach the clerk was the result of any unlawful interference on the part of public officials. * * * An alternative action would have been to incorporate into the record the copy of the motion for new trial, if in fact one was presented by the defendant to the court at that time, and if, as a matter of law, each assignment of error therein was without merit, defendant could not have been prejudiced by the fact the motion was not filed, regardless of the reason."

The transcript now shows that if a motion for new trial had been mailed by defendant at the time he claimed, in the normal course of mail service it would have been received and timely filed. After a hearing the trial court found that a motion for new trial was not filed, but it made no findings as to whether defendant did in fact attempt to mail one from the jail, and if so, whether the reason it was not received and timely filed was because of any unlawful interference on the part of public officials. The copy of the motion which defendant asserted

he had handed to the trial court at the time of the first allocution could not be located. However, the trial court then granted defendant permission to file a motion for new trial within ten days, and defendant filed such a motion *which he said contained all the assignments of error which were in the motion he had attempted to mail to the court from the jail.* He also filed what he called a "Supplemental Motion for New Trial" which he admits contained new and other assignments of error. A hearing was held on the two motions, and each assignment of error contained therein was argued to the court by counsel, considered by the court, and overruled.

We have repeatedly held that the provisions of Supreme Court Rule 27.20, V.A.M.R. are mandatory, State v. Franklin, Mo., 379 S.W.2d 526, and that a motion for new trial must, in all events, be filed within the time therein provided. State v. Knicker, Mo., 364 S.W.2d 544; State v. Hooper, Mo., 364 S.W.2d 542; State v. Ash, Mo., 286 S.W.2d 808; State v. Crocker, Mo., 335 S.W.2d 32. The trial court was without "power" to extend the time beyond forty days after the return of the verdict for filing a motion for new trial, and the motions in this case, filed long thereafter, were a nullity, State v. Crocker, supra, and preserve nothing for appellate review. See State v. Hooper, supra. However, defendant has provided the alternative referred to in our previous opinion, and if, as a matter of law, each assignment of error in the motion he asserts he attempted to mail from the jail is without merit, defendant could not have been prejudiced by its failure to have been timely filed, regardless of the reason therefor. We shall, therefore, examine the assignments of error in that motion.

The first assignment is that the trial court erred in "overruling defendant's personal objection to trial on March 5, 1962, upon the grounds of insufficient notice to defendant of the amendment of the information, which was amended to include allegations

of prior convictions." At the trial defendant was represented by employed counsel of his own selection. The transcript shows that on February 23, 1962, the prosecuting attorney notified appellant's counsel by letter of his intention to amend the information to include allegations invoking the habitual criminal act, that the amendment was made on February 28 and appellant's counsel received a copy. On March 5, the day the case was set for trial, appellant's counsel announced that he was ready for trial. Appellant then stated that he "should have three days notice, sufficient time to prepare a defense against this criminal act."

Supreme Court Rule 24.02, V.A. M.R., authorizes the amendment of an information at any time before verdict "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." The amendment to incorporate allegations invoking the application of the habitual criminal act did not constitute a separate or different offense, and in view of notice to appellant's counsel of the amendment, and counsel's announcement that he was ready for trial, no prejudice could or did occur. Defendant offered nothing to the trial court to substantiate his oral request for a continuance, made contrary to the announcement of his counsel that he was ready for trial, and whether or not the trial court abused its discretion in its ruling is to be determined from what was then presented to it. This assignment of error is of no merit.

The second assignment is that the "trial court erred in overruling defendant's objection to use of an alleged prior felony conviction and sentence for attempting to break jail." He asserts that this was a misdemeanor, and in that he is correct. Section 557.410, V.A.M.S. However, on the previous appeal this matter was discussed in detail, and it was there held that it was alleged in the amended information that defendant had previously been convicted and sentenced for the offense of stealing chickens in the nighttime, which is a felony

and which is punishable by confinement in the penitentiary, and the allegation and proof of the previous offense of attempting to break jail, and the finding by the trial court in respect thereto was surplusage. See State v. Crow, supra, 377 S.W.2d at p. 132. This assignment of error is of no merit.

The third assignment is that the "trial court erred in overruling defendant's objection to the prosecuting attorney's cross-examination of defense witness, Mrs. Marsella Crow, wife of the defendant, wherein said prosecutor asked the following question, 'Wasn't your house raided by the police and a lot of stolen articles taken out of it.'" The transcript shows that there was no objection to this particular question, and that an objection, made after the three immediately following questions, "to any further questioning along this line" was sustained. All the relief requested by appellant was granted. No error occurred, State v. Velanti, Mo., 331 S.W.2d 542, 546, 547, and this assignment of error is without merit.

The fourth assignment is that "the trial court erred in failing to give the jury, as a matter of law of the case, an instruction setting out the applicable law to guide the jury on the matter of guilt and punishment relating to a verdict of guilty on stealing alone." He also asserts the court was required to instruct the jury that "upon a finding of 'Guilty of stealing and not guilty of burglary' the value of the property being less than fifty dollars, such offense is a misdemeanor and the jury is required to fix the punishment of not more than one year in the county jail, or a fine not exceeding $1,000, or both such fine and sentence." Defendant argues that by reason of the above, Instruction No. 4 which submitted stealing in connection with burglary, was confusing and that it misled the jury "that stealing alone was a felony."

We should first note that no objection whatever was made to any instruc-

tion. Instruction No. 3 submitted burglary, second degree, and hypothesized that defendant broke and entered a building where goods and things of value were kept with the intent to steal. It provided that "unless you so find the facts to be you will acquit the defendant of burglary." Instruction No. 4, submitted stealing in conjunction with burglary, and hypothesized that defendant broke and entered the building with intent to steal and that after breaking and entering defendant did feloniously steal six dollars, and also provided that "unless you so find the facts to be, you will acquit the defendant of stealing as defined to you herein." Contrary to the contention of defendant, stealing of six dollars, or for that matter, any amount, in conjunction with burglary is a felony. Section 560.110, V.A.M.S.; State v. Worley, Mo., 353 S.W.2d 589. It is true that if defendant had not been charged with burglary, or if being so charged and the jury had not found him guilty of burglary, the jury could have found him guilty of stealing less than $50, a misdemeanor. Section 560.161, V.A.M.S. But here the jury found the defendant guilty of the separate and distinct offense of burglary, and therefore any stealing done in conjunction therewith could not have been a misdemeanor. While it was error not to instruct on the offense of stealing less than $50, under the circumstances here where the jury found defendant guilty of the burglary, it was not and could not have been prejudicial to the defendant that the jury was not instructed on stealing less than $50.

■ The motion for new trial contains another point pertaining to alleged newly discovered evidence which defendant admits was not in the motion which he attempted to file by mailing it from the jail. It and the assignments in the "supplemental" motion were not timely filed, and no attempt was made to file them timely. They are a nullity and preserve nothing for appellate review. We note, however, that we have examined them pursuant to Supreme Court Rule 27.20, V.A.M.R., and each assignment is totally without merit.

Each and every assignment of error in the motion for new trial which appellant says he attempted to file is without merit, as above demonstrated, and for that reason when we give defendant the benefit of every assertion he has made, we find that he was not prejudiced by the failure of his motion for new trial to have been timely filed.

■ Defendant challenges the propriety of his sentence under the habitual criminal act, a matter we examine as part of the record before us, Supreme Court Rule 28.02, V.A.M.R., on the ground that while the trial court found that he had priorly been convicted of an offense punishable by imprisonment in the penitentiary, it made no finding that he had been sentenced and subsequently imprisoned, or fined, paroled or placed on probation as required by Section 556.280, V.A.M.S. Defendant does not contend that the evidence at the hearing before the trial court did not authorize such a finding, and it does clearly show sentence and subsequent imprisonment. We need not determine on this appeal whether the finding of the trial court made at the time it found the prior conviction was sufficient. After the judgment in this case was reversed and remanded for allocution, the trial court held a hearing on several motions. In one of them defendant presented this precise issue to the court, and it then made the finding of sentence and imprisonment. This was done before allocution, and before the sentence was imposed and the entry of the judgment from which this appeal is taken. As to the sufficiency of such a finding see State v. Hill, Mo., 371 S.W.2d 278; State v. Collins, Mo., 383 S.W.2d 747.

■ When defendant was resentenced on May 13, 1964, he was given the exact sentence he had received on April 24, 1962, but the trial court directed that he receive no credit for the period of approximately two years he had been confined in the peni-

tentiary awaiting perfection of and final ruling on his previous appeal. Defendant now challenges the validity of this new sentence on several grounds, all of which are directed to the failure or refusal of the trial court to credit to the sentence the previous confinement in the penitentiary. We shall not set forth these various contentions, but shall and do adjudge and direct that the actual time spent by defendant in the penitentiary pursuant to the sentence and judgment dated April 24, 1962, be credited on the time to be spent in the penitentiary pursuant to the sentence and judgment dated May 13, 1964, and that a copy of the mandate of this court be transmitted to the appropriate officials of the Missouri Department of Corrections.

We find no error in those parts of the record which we examine pursuant to Supreme Court Rule 28.02, V.A.M.R.

Other than as above set forth pertaining to credit for time previously served in the penitentiary the judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.

On Motion for Rehearing or in the Alternative to Transfer to Court En Banc

PER CURIAM:

■■■ In defendant's motion for rehearing he states that we did not rule on points numbered 12 and 13 in his brief in which he contended that he was denied a fair trial "because of personal interest and prejudice of the trial judge," and that the trial court erred in overruling his motion to "disqualify the trial judge." First, the motion to disqualify was not timely filed in compliance with Supreme Court Rule No. 30.12, V.A.M.R. Therefore, the motion and affidavit, assuming it to have been otherwise sufficient, did not automatically disqualify the trial judge. Second, the allegations in the affidavit of the motion did not support a finding that the judge was in anywise interested or prejudiced. The only statements therein were conclusions to the effect that the trial court had previously made some rulings asserted to have been erroneous. Assuming the rulings to have been erroneous, that fact alone does not demonstrate bias and prejudice.

■■■ Defendant also asserts that we failed to rule on his points number 11 and number 15. In point 11 he makes general assertions that he was denied due process of law because employed counsel of his own selection did not do certain things that defendant now thinks he should have done. What was or was not done by trial counsel could well have been the result of considered trial strategy, and the point is without merit. Point 15 is quite lengthy, but by it defendant asserts he was prejudiced "by the trial court's action in sentencing him upon the basis of assumptions concerning a prior criminal record and prior criminal activity, and misinformation as to other material matters, or carelessness in that respect." Defendant was properly charged and sentenced under the habitual criminal act, and the sentence imposed was within the statutory limits.

■■■ Points in a brief totally without merit, such as these, are automatically ruled in the order affirming the judgment. We mention them in this per curiam only because we made no general statement in the principal opinion to that effect. Other matters in the motion for rehearing are reargument of issues previously ruled.

The motion for rehearing, or in the alternative to transfer the case to the court in banc, is overruled.