**STATE of Missouri, Respondent,**

**v.**

**Lawrence William COOLEY, Appellant.**

**No. 50677.**

Supreme Court of Missouri,

Division No. 1.

April 12, 1965.

Norman H. Anderson, Atty. Gen., Thomas F. Eagleton, former Atty. Gen., O. Hampton Stevens, Asst. Atty. Gen., Jefferson City, for respondent.

Morris M. Hatchett, St. Louis, for appellant.

WELBORN, Commissioner.

The appellant, Lawrence William Cooley, was charged by indictment filed in the Circuit Court for Criminal Causes of the City of St. Louis with assault with malice aforethought with a dangerous weapon. The jury returned a verdict of guilty of assault with intent to kill and assessed the punishment of appellant at five years' imprisonment. This appeal is from the sentence and judgment entered on the verdict.

Trial began on January 6, 1964 and verdict was returned on January 7, 1964. The transcript on appeal recites that "on January 17, 1964, the Court, by an order duly made and entered of record, granted defendant thirty days additional time from January 17, 1964 to February 17, 1964, in which to file motion for new trial." Motion for new trial was filed on February 17, 1964.

■ The court's order extending the time for filing of motion for new trial for thirty days from January 17, 1964 to February 17, 1964 was in error inasmuch as the date specified amounted to an extension of thirty-one days. Insofar as the order purported to enlarge the time for motion for new trial beyond the limits fixed by Supreme Court Rule 27.20, V.A.M.R., the order was a nullity. State v. Crocker, Mo. Sup., 335 S.W.2d 32.

■ Supreme Court Rule 27.20 provides that motion for new trial "shall be filed before judgment and within ten days after the return of the verdict: Provided, on application of defendant, the court may extend the time for filing such motion for an additional period of thirty (30) days: Provided further, the court shall have no power to make another or further extension of the time for filing said motion." Time and time again the requirement of this rule has been held to be mandatory and the motion for new trial filed beyond forty days after the return of the verdict has been held to be a nullity. State v. Knicker, Mo.Sup., 364 S.W.2d 544; State v. Hooper, Mo.Sup., 364 S.W.2d 542; State v. Crocker, supra; State v. Kenton, Mo.Sup., 298 S.W. 2d 433; State v. Ash, Mo.Sup., 286 S.W.2d 808. Time for filing being mandatory and nonwaivable by the state (State v. Brown, 339 Mo. 1014, 98 S.W.2d 777, 779 (5, 6) ), we notice the matter although it has not been raised by the state.

■ The motion for new trial being a nullity, it preserved nothing for review. A review of the matters of record which we are required to consider by Supreme Court Rule 28.02, V.A.M.R., reveals no error. The indictment properly charged the offense as assault with intent to kill with malice aforethought with a deadly weapon as that defined in Section 559.180 RSMo 1959, V.A.M.S. Upon formal arraignment, the appellant pleaded not guilty. Appellant was represented by an attorney at the trial and the record affirmatively shows the presence of appellant and his attorney throughout the trial.

The verdict was in proper form, the finding of guilty of assault with intent to kill in violation of Section 559.190 RSMo 1959, V.A.M.S., being authorized under the indictment charging assault with malice, Section 556.230 RSMo 1959, V.A.M.S. The period of imprisonment is within the limits prescribed by Section 559.190 for the offense of which the appellant was found guilty. Appellant was accorded allocution and judgment in proper form entered in accordance with the verdict.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM: The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.