**STATE of Missouri, Respondent,**

v.

**William T. POWELL, Appellant.**

No. 51332.

Supreme Court of Missouri, Division No. 2.

Feb. 14, 1966.

Rehearing Denied March 14, 1966.

Norman H. Anderson, Atty. Gen., Jefferson City, Ronald R. McKenzie, Sp. Asst. Atty. Gen., Hannibal, for respondent.

No attorney for appellant.

PRITCHARD, Commissioner.

Defendant was convicted by the verdict of a jury, rendered on November 10, 1964, of the commission of the crime of forgery (altering a check), a felony under § 561.011, RSMo 1959, V.A.M.S. It was alleged in the amended information that defendant had been convicted, sentenced to imprisonment, served the sentence, and was discharged therefrom, for the commission of a previous felony. The matter of defendant's previous conviction was taken up by the court outside the hearing of the jury, and a finding was made thereof. In accordance with the second offender act, § 556.280, RSMo 1959, V.A.M.S., the court on November 20, 1964, having on the day of verdict deferred the assessment of punishment to that time, fixed defendant's punishment at five years in the State Penitentiary.

At the time of the assessing of defendant's punishment, November 20, 1964, his counsel requested the court for the statutory time of ten days and an additional time of thirty days within which to prepare and file a motion for new trial. That forty days' time, excluding the date of November 20, 1964, was granted by the court. Defendant's motion for a new trial was filed December 30, 1964, more than forty days *after the date of the verdict,* November 10, 1964, as specified by Supreme Court Rule 27.20(a), and thus was not timely filed so as to preserve anything therein for review. The state's point raising this matter must be sustained because it has been repeatedly held that the time for filing a motion for new trial, ten days *after the return of the verdict* and before judgment, unless on application of the defendant the court shall extend the time for filing such a motion not to exceed an additional thirty

days, is mandatory. State v. Hamilton, Mo., 391 S.W.2d 872; State v. Crow, Mo., 388 S.W.2d 817; State v. Cooley, Mo., 388 S.W.2d 807; State v. Franklin, Mo., 379 S.W.2d 526.

We are thus limited in our review to those matters specified in Supreme Court Rules 28.02 and 28.08, V.A.M.R.

 The amended information is sufficient in that its charge: "* * * [T]hat William Powell, on or about the 5th day of June, 1963 at and in the County of Andrew, State of Missouri, did then and there unlawfully, willfully, feloniously and with the intent to defraud one Ed Achter (E. J. Achter), possess with the intent to utter as true and genuine, a forged, counterfeited and falsely made check having legal efficacy and commonly relied upon in business or commercial transactions, which had been forged, counterfeited and falsely made by changing and altering the said check so that said check as changed and altered appeared in different terms than in its original tenor * * *," follows the words of said § 561.011, subd. 1 (1), (2) and (3). Compare State v. Adamson, Mo., 346 S.W.2d 85, 89 [9]. The allegations of previous conviction, sentence and imprisonment therefor were adequate. The verdict, although merely finding defendant guilty without reference to the charge contained in the amended information, was sufficient for the *one* offense charged. There are no lesser included offenses, or degrees of the offense, under said § 561.011. The verdict could only relate to the pleading and to the evidence adduced, and it clearly reveals the intent of the jury to find defendant guilty of the one offense charged against him: changing and altering a check, with intent to utter it as true and genuine, unlawfully, willfully and feloniously with intent to defraud. It is responsive to that single issue. Compare Supreme Court Rule 27.01, V.A. M.R.

Defendant was present at the trial in person and by counsel. Allocution was accorded him before judgment, and the sentence is within the permissible limits of two to ten years' imprisonment under said § 561.011. We find no error.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.