**STATE of Missouri, Respondent,**

v.

**William Elmer KNICKER, Appellant.**

No. 48999.

Supreme Court of Missouri.

Division No. 3.

Feb. 28, 1968.

Norman H. Anderson, Atty. Gen., John H. Denman, Asst. Atty. Gen., Jefferson City, for respondent.

Robert L. Schneider and J. Brendan Ryan, St. Louis, for appellant.

SAMUEL E. SEMPLE, Special Judge.

Defendant was charged with the unlawful and felonious possession of certain narcotic drugs. The trial court heard evidence out-

side the presence of the jury and found that defendant had been previously convicted of four felonies as charged in the information. The jury found the defendant guilty and the court assessed punishment at five years. Thereafter allocution was offered and judgment rendered sentencing defendant to five years in the custody of the State Department of Corrections. Defendant was allowed to appeal as a poor person and filed a brief pro se. This court affirmed the conviction, State v. Knicker, Mo., 364 S.W.2d 544. Thereafter, pursuant to the decision in Bosler v. Swenson, 363 F.2d 154 (8th Cir.), this court set aside its judgment affirming the conviction, ordered the cause reinstated on the docket, and ordered the trial court to appoint counsel to represent the defendant on this appeal in accordance with S.Ct. Rule 29.01(c), V.A.M.R. Counsel was appointed for defendant and the case is again submitted.

A brief statement of the evidence is essential to an understanding of the assignments of error made by defendant as to the rulings of the trial court in admitting and refusing to admit evidence.

The State's evidence was that on August 15, 1960, two officers of the St. Louis Police Department were assigned to place under surveillance a 1954 Ford automobile which purportedly was owned by Albert Knicker, brother of defendant, that was parked in the vicinity of 7th and Lynch Streets in St. Louis, Missouri. Defendant, together with his brother Albert Knicker, and one Edward Stuckmeyer were observed approaching the car. Defendant was carrying a brown paper bag and when they got to the car, defendant placed the brown paper bag through an open window on the front seat of the car. At this time all three men were arrested. The 1954 Ford was searched and a brown paper bag was found on the front seat. The bag contained four envelopes, fourteen bottles, and $31.95 in silver. A police chemist testified that of the items found in the bag, four contained morphine, two bottles contained codeine,

one bottle cocaine, three other bottles contained opium, and another bottle contained stypticin. There were other containers which did not contain narcotics.

Defendant's evidence consisted solely of the testimony of his brother Albert Knicker, who testified that the 1954 Ford was his automobile and that he had been in a tavern with his brother (defendant) and Edward Stuckmeyer; that Stuckmeyer had the brown paper bag with him when they met in the tavern and Stuckmeyer carried the bag as they went to the car; that Stuckmeyer placed the bag in the car and that neither he nor defendant knew what was in the bag.

Defendant contends that the trial court erred in limiting cross-examination of State's witnesses by sustaining objections to questions as to charges upon which defendant and the other two men were booked. Defendant argues that the court curtailed his right to confront witnesses against him and to cross-examine these witnesses as required by Art. I, § 18 of the Constitution of Missouri, V.A.M.S., and to support this contention defendant cites several cases which lay down the general rule that a trial judge may not unduly restrain or interfere with a defendant's right to cross-examine an adverse witness.

Defendant apparently contends that the court's rulings prevented him from establishing that at the time defendant was arrested and booked, Edward Stuckmeyer and Albert Knicker were also arrested and booked on the charge of possession of narcotics and Stuckmeyer was then released. Defendant argues that if such line of inquiry had been allowed facts which would have supported his defense that Edward Stuckmeyer was the person actually in possession of the narcotics would have been developed.

The trial court is invested with much discretion in determining the extent of cross-examination. Particularly is this

true as to collateral matters. State v. Cox, Mo., 360 S.W.2d 668, 671. It does not appear that the fact that Stuckmeyer was also arrested, booked on a charge of possession of narcotics and then released, would be evidence that Stuckmeyer rather than defendant was in possession of the narcotics, a contrary inference would be more reasonable.

Defendant also contends that the court erred in refusing to allow defendant's counsel to inquire of State's witness Sergeant Malloy on cross-examination as to the whereabouts of Stuckmeyer. The record reveals that as the State started to object to this question as being irrelevant and immaterial, the witness answered, "I do not know." Defense counsel then stated, "I will make an offer of proof," whereupon the court sustained the objection and advised defense counsel to make his offer of proof out of hearing of the jury. Defense counsel then, out of hearing of the jury, stated, "My client knows the situation differently, he has a person attempting to locate him and I think he has got information as to his whereabouts." The court then stated, "He just told you he doesn't know at the same time Mr. Roche was objecting. He stated he didn't know, now you cannot offer to prove that he does know."

There was no showing nor any attempt to show by the defense that the police had tried to conceal the whereabouts of Stuckmeyer or even knew where he was. We have examined the cross-examination of State's witnesses and the court's rulings thereon and cannot find any basis for an abuse of discretion by the trial court in determining the extent of cross-examination and we hold that there was no improper restriction of the cross-examination as defendant complains.

Defendant's next assignment is that the trial court erred in allowing the State to bring in a box containing fourteen bottles and four envelopes, and out of these eighteen items eleven were identified and marked as exhibits but only seven of the marked exhibits were introduced in evidence. Defendant argues that the testimony as to the markings on the various items had the effect of confusing the jury and that the exhibition to the jury of eleven different items other than the seven items introduced in evidence was prejudicial to this defendant.

State's Exhibit No. 2 was identified by one of the police officers who made the arrest as a box containing all of the items in the brown paper bag which he observed defendant placing in the car. These items, consisting of fourteen bottles or vials and four envelopes, were each initialed by the officer and taken to the police laboratory. A chemist of the St. Louis Police Department laboratory testified that he analyzed the items and marked each item to separate it and identify it. He testified that his analysis of the items showed that four contained morphine, one codeine phosphate, one codeine sulphate, one cocaine, three opium, and one stypticin. These items were marked as Exhibits 2A through 2K, inclusive. The witness testified that the remaining items were analyzed and found not to contain narcotics.

We do not think this assignment is well taken. A trial court has broad discretion to determine the orderly procedure and presentation of evidence during a trial. State v. Gillman, Mo., 354 S.W.2d 843, 851. Here the State's witnesses explained that the markings on the various items were for the purpose of identification in the laboratory and to establish a proper chain of custody and to separate and identify the items. It does not appear that the various markings on the exhibits, or the fact that only seven of the items were placed in evidence, would be so confusing to the jury as to be prejudicial to this defendant.

Defendant's last contention is that the court erred in permitting the police officers who arrested defendant to testify

that they knew him and recognized him when he walked down the street with the other two men to the automobile which was just prior to the arrest. Defendant argues that the testimony of the two police officers that they knew defendant before his arrest permitted the jury to conclude that defendant had had prior difficulties with the law and had been guilty of prior misconduct. This contention has been previously ruled in State v. Pitchford, Mo., 324 S.W.2d 684, 688, when the court said: "It is well known that most police officers have a wide acquaintance among the citizenry in general and the fact that a person is known to a police officer does not necessarily convey the impression that he has a criminal record." The contention of defendant is not well taken.

We have examined the record as required by S.Ct. Rule 28.02, V.A.M.R., and finding no error, the judgment is affirmed.

HOLMAN, Acting P. J., and COOK, Special Judge, concur.