**STATE of Missouri, Respondent,**

v.

**William T. POWELL, Appellant.**

No. 51332.

Supreme Court of Missouri,
Division No. 3.

Oct. 30, 1968.

Modified on Court's own Motion
Nov. 6, 1968.

As Modified on Court's Own Motion for
Rehearing or to Transfer to Court
En Banc Denied Dec. 2, 1968.

Norman H. Anderson, Atty. Gen., Michael P. Riley, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

L. Glen Zahnd, Savannah, for appellant.

DAVID A. McMULLAN, Special Judge.

The defendant-appellant in this case was charged with feloniously possessing with intent to utter as true an altered check and found guilty by a jury. This conviction was affirmed on appeal (State v. Powell, Mo., 400 S.W.2d 183), but subsequently, in accordance with Bosler v. Swenson, 8 Cir., 363 F.2d 154, the affirmance was set aside for the reason that defendant had not been represented by counsel on appeal. The appeal was reinstated on our docket and was consolidated with an appeal already pending here from an order of the trial court overruling a motion to vacate under Supreme Court Rule 27.26, V.A.M.R.

We consider first the reinstated direct appeal. At the original trial the State produced Leonard J. Johnson and John Wayne Rickey, who testified they performed work on the home of E. J. Achter at Rosendale, Missouri, on June 4, 1963. They were paid by Mr. Achter with two checks in the amount of $7.00 and $2.00, drawn on the Farmers State Bank at Rosendale. Johnson and Rickey returned to St. Joseph, Missouri, where they were staying, and ate that evening at defendant's cafe. The two checks were presented to defendant who cashed them. Rickey testified that defendant then returned the check to him and suggested that Rickey "boost" the amount of the $7.00 check to read "700.-00", which Rickey did. The following morning, June 5th, Johnson and defendant drove defendant's car to Rosendale where defendant presented for payment the "boosted" check to the Farmers State Bank. However, the teller would not cash it without the approval of an officer of the bank, and no officer was present. Defendant was identified as the person who presented the check by the teller. Johnson did not accompany defendant into the bank, and Rickey waited at a road junction near Rosendale. Defendant left the bank and took the check to the American National Bank in St. Joseph for collection, and when thus presented to the Farmers State Bank, payment was stopped.

Both Johnson and Rickey testified that their lawyer told them, "he was pretty sure he was going to get us a parole, and that we would have to testify against Mr. Powell." And, "We agreed to testify against Mr. Powell." And, "Our lawyer said we probably would get a parole." The evidence shows that Johnson and Rickey were placed on probation after a plea of guilty to charges arising out of the "boosting" of the Achter check. It was denied that any promises were made by anyone on behalf of the State or the Court, and the parole was granted after an investigation was made.

On November 20th, 1964, the 10th day after the verdict was rendered, the trial judge was requested to grant an additional thirty days, or a total of forty days, in which to prepare and file a motion for a new trial, to which request the Court responded: "The Court does grant defendant forty days, excluding this date, in which to file for new trial." The motion was filed December 30th, 1964, being fifty days from the date of the verdict. Defendant requests this Court to consider the matters raised in this untimely filed motion for a new trial in order "to avoid manifest injustice and miscarriage of justice to the defendant".

■ The trial court has no power to extend the time for filing a motion for new trial beyond that provided in Supreme Court Rule 27.20(a), V.A.M.R. Its provisions are mandatory. State v. Hamilton, Mo., 391 S.W.2d 872; State v. Crow, Mo., 388 S.W.2d 817.

■ Appellant claims plain error affecting defendant's substantial rights for the asserted reason that the only evidence of defendant's guilt was the uncorroborated testimony of the two alleged accomplices whose testimony, according to defendant, was lacking in probative force, was completely contradictory of statements made at the time of arrest and was given after a promise of parole. A conviction may be had on the uncorroborated evidence of an accomplice unless such testimony is so lacking in probative force as not to amount to substantial evidence. State v. Gridley, Mo., 353 S.W.2d 705; State v. Brim, Mo., 339 S.W.2d 775.

■ We have carefully read the transcript of the testimony and do not deem that manifest injustice or miscarriage of justice has resulted in this case. The jury did not need to rely wholly on the testimony of accomplices in order to reach its verdict of guilty. The tellers of both banks identified the defendant as the person who presented the check, and taking this into

consideration with all the circumstances and the relationship of Leonard Johnson and John Rickey and the defendant, it is unbelievable that the defendant would not know when he presented the check for payment that the amount of the check as signed by the maker in the sum of $7.00 was raised to $700.00.

■ Finally, diligent counsel has called to our attention that the defendant was charged, tried and convicted of possessing with intent to utter as true a falsely-made check, but the judgment entered, the sentence imposed and the commitment was for the crime of forgery. The record before us of the circuit court shows that after allocution was granted, "Thereupon the Court fixes defendant's punishment for the crime of forgery", and in the judgment defendant was ordered confined "for a term of five years for the crime of forgery". The sentence and judgment therefore do not conform to the actual charge upon which the defendant was convicted. Defendant was charged and convicted of the violation of Section 561.011, subdivision 1(3), RSMo 1959, V.A.M.S., and not subdivision 1(1) thereof. While both forgery and possession with intent to utter as true are contained in the same section and it provides the same penalties for each, the conduct or acts charged and the essential elements of proof necessary are different. This error requires reversal and remand for the purpose of proper allocution, judgment and sentence but does not require a reversal of the conviction and discharge of the defendant. State v. Caldwell, Mo., 423 S.W.2d 738; LaGore v. Ramsey, Mo., 126 S.W.2d 1153; State ex rel. Dutton v. Sevier, 336 Mo. 1236, 83 S.W.2d 581.

We now consider defendant's appeal from the denial of his motion under Rule 27.26. Defendant personally prepared this motion to vacate. An evidentiary hearing thereon was held prior to the effective date of amended Rule 27.26, but counsel appointed to represent the defendant stated to the court that he had examined the motion and had discussed it with the defendant and was of the opinion that it fully and completely set out all matters which might have been raised, and consequently no amended or supplemental motion had been prepared and filed. Counsel had conferred with the defendant at Moberly, where he was imprisoned, and defendant had been brought to Andrew County the day before the hearing to permit further consultation with his attorney.

The defendant was given full opportunity to offer testimony with reference to his motion. The only oral testimony offered was by the defendant himself and related to the question of whether he was represented by counsel on his direct appeal. Subsequently, as above indicated, this court set aside the prior affirmance of defendant's conviction and in this proceeding has considered his appeal anew. Accordingly, we need not give further consideration to this issue in connection with the proceeding under Rule 27.26.

■ Numerous allegations in the motion under Rule 27.26 relate to asserted trial errors which do not involve constitutional questions, and as we have repeatedly held and the rule states, a motion under Rule 27.26 does not serve as a substitute for a motion for new trial nor for a direct appeal. Furthermore, defendant offered no evidence in connection with these items and they are not briefed on appeal.

The motion also attacks the information and the jurisdiction of the trial court, both of which questions may be reached on a motion under Rule 27.26. Neither issue is briefed on appeal. The trial court overruled these contentions and we find no merit therein and therefore overrule the same.

The case on the merits and the ruling of the trial court on the motion to vacate under Rule 27.26 is affirmed, but the judgment is reversed and the cause remanded with directions to the trial court to have defendant brought before it for proper allocution, judgment and sentence in accordance with the amended information and

verdict, with credit allowed for time served under the judgment which we hereby reverse.

FINCH, Acting P. J., and McGHEE, Special Judge, concur.