**STATE of Missouri, Plaintiff-Respondent,**

v.

**Kenneth Glenn LIGHT, Defendant-Appellant.**

**No. 10695.**

Missouri Court of Appeals, Springfield District.

March 14, 1978.

John D. Ashcroft, Atty. Gen., Stanley H. Robinson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Jay V. White, Rolla, for defendant-appellant.

TITUS, Judge.

A jury found defendant guilty of second degree burglary and stealing. In accordance with the verdict defendant was sentenced to consecutive two-year prison terms for each crime.

On appeal, defendant's lone point relied on asserts that the conviction cannot stand because he "was convicted on the uncorroborated evidence of an accomplice . . .

Richard Sederburg [whose] testimony was so lacking of probative force as not to amount to substantial or credible evidence . . .."

Aside from the testimony of Sederburg, the accomplice, the state's evidence showed the following. On October 1, 1975, near 1:30 p. m., Sederburg, accompanied by a long-haired male, rented a U–Haul trailer in Rolla which was thereafter attached to a pickup truck. Around 2 p. m. the Phelps County Sheriff and a deputy saw the pickup and trailer traveling on a road about a mile and a half from the rural home of William Clinton. The officers recognized Sederburg as the driver of the pickup but could not identify his long-haired passenger. Sederburg returned the trailer to the rental agency at 3 p. m.

William Clinton departed his bucolic residence after eating lunch on October 1. When he returned at 7 p. m. he found the rear door to the house had been forced open. He also discovered that two television sets, two hi-fi speakers, $40 in cash and a completed jigsaw puzzle, which had been atop one of the televisions, were missing. One of the televisions had been in a wall cabinet and was of such size and weight that Clinton did not think it was possible for one person to have safely removed it. The telephone had been ripped from the wall requiring Clinton to go to a neighbor's home to call the authorities and report his findings.

Subsequent to the foregoing and after ascertaining where Sederburg had rented the trailer, personnel in the sheriff's office found a broken twig and pieces of the stolen jigsaw puzzle in the trailer rented by Sederburg. By searching in the area where the trailer had been seen in the country on October 1, the officers discovered other parts of the purloined puzzle among tire tracks and broken oak shrub. A piece of broken vegetation found growing at that location fit the broken twig recovered from the trailer.

As a state's witness Sederburg testified that, accompanied by defendant, he rented the U–Haul trailer in Rolla on October 1, 1975, with the intent of using it to conceal property which he and defendant hoped to obtain in a burglary. Pulling the rented trailer and in company with defendant, Sederburg drove into the country and broke into a house by forcing open a rear door. After gaining entry, defendant and Sederburg "carried out two T.V.'s and some speakers." They also removed a jigsaw puzzle which "was on top of the T.V. . . . like a place mat." Soon after driving from the residence with the stolen loot in tow, Sederburg met and passed the sheriff driving in the opposite direction. This encounter "shocked" the burglars and as "soon as the Sheriff went by we kinda speeded up . . . went over the hill, got out of the truck [and] ran off into the woods." According to Sederburg, defendant kept running and never returned to the truck and trailer. As soon as Sederburg felt assured that the sheriff had not followed, he returned to the vehicles, unloaded the trailer and returned it to Rolla where it had been rented. This done, Sederburg returned to the unloading site, recovered the stolen property, save the puzzle which he had previously "scraped . . . out on the road," loaded it in his truck and departed. Sederburg subsequently sold the stolen items and acknowledged that he had been told that if he testified he would get a "Lighter" sentence for his part in the burglary and stealing.

Defendant offered no evidence.

■ A correct statement of the rule upon which defendant predicates his point relied on is that a defendant may be convicted on the uncorroborated testimony of an accomplice [State v. Lang, 515 S.W.2d 507, 509[1] (Mo.1974); State v. Haynes, 510 S.W.2d 423, 425[3] (Mo.1974); State v. Tressler, 503 S.W.2d 13, 17[3] (Mo.1973), cert. den. 416 U.S. 973, 94 S.Ct. 2000, 40 L.Ed.2d 563 (1974); State v. Strong, 484 S.W.2d 657, 661[12] (Mo.1972); State v. Rantz, 546 S.W.2d 200, 201[2] (Mo.App.1977); State v. Doepke, 536 S.W.2d 950[1] (Mo.App.1976); State v. Matzker, 500 S.W.2d 54, 57[14] (Mo. App.1973)] unless such testimony is so lacking in probative force as to preclude it from

constituting substantial evidence. *State v. Morgan*, 453 S.W.2d 932, 934[3] (Mo.1970); *State v. Powell*, 433 S.W.2d 33, 34[2] (Mo. 1968); *State v. Summers*, 506 S.W.2d 67, 70–71[5] (Mo.App.1974); *Dees v. State*, 492 S.W.2d 849, 856[10] (Mo.App.1973).

Except for identifying defendant as his accomplice, all principal portions of Sederburg's testimony were fully corroborated by other witnesses. His testimony was not self-destructive so as to take from it all probative force. Neither was it suspect or incredible. *State v. Harris*, 295 S.W.2d 94, 95[2] (Mo.1956); *State v. Evans*, 545 S.W.2d 694, 695–696[4] (Mo.App.1976). Furthermore, determination of Sederburg's credibility as a witness was for determination by the jury. *State v. Martin*, 530 S.W.2d 447, 451[11] (Mo.App.1975).

The judgment is affirmed.

All concur.